**NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000767
27-MAR-2026
07:46 AM
Dkt. 60 SO**

NO. CAAP-24-0000767

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


BOOMLETS, LLC, Plaintiff-Appellee,
v.
OTHERSIDE LLC; THIS SIDE LLC; PETER NASCARELLA,
individually and as Manager of Otherside LLC;
KELLY NASCARELLA, individually and as Manager of
Otherside LLC and This Side LLC, Defendants-Appellants,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE
CORPORATIONS 1-10; DOE "NON-PROFIT" CORPORATIONS 1-10; DOE
ENTITIES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-20-0001141)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and Guidry, JJ.)

Defendants-Appellants Otherside LLC (**Otherside**), This

Side LLC (**This Side**), and Peter Nascarella and Kelly Nascarella

(the **Nascarellas**) (collectively, the **Appellants**) appeal from the

"Final Judgment in Favor of Plaintiff and Against Defendants"

(**Final Judgment**),[1] entered by the Circuit Court of the First Circuit[2] (**circuit court**) on October 11, 2024.

In August 2020, Boomlets filed a Complaint[3] against Appellants, alleging, inter alia, that the Nascarellas improperly diverted funds from Otherside's bank accounts for the Nascarellas' personal use in violation of the "Operating Agreement of Otherside LLC a Hawaii Limited Liability Company Organized under Hawaii Revised Statutes Chapter 428" (**Operating Agreement**) between Boomlets and the Nascarellas. The unchallenged Findings of Fact (**FOFs**) establish that, pursuant to the Operating Agreement, Boomlets loaned money to Otherside via cash loans and a "Revolving Line of Credit Agreement & Promissory Note dated April 27, 2017" (**Revolving Line of Credit**) in the maximum principal amount of $5,350,000. These loan moneys were to be used solely for developing Otherside's

---

[1]　　Otherside and This Side are limited liability companies organized pursuant to Hawaii Revised Statutes (**HRS**) Chapter 428. Plaintiff-Appellee Boomlets, LLC (**Boomlets**) holds a one-third ownership interest in Otherside and This Side, and the Nascarellas hold a two-thirds ownership interest. At issue in the underlying case is the Nascarellas' unauthorized diversion of Otherside funding for their personal expenditures.

Appellants clarify that they do not challenge the $6,307,650 Judgment awarded against Otherside and This Side. Appellants challenge only the $2,552,953 Judgment awarded against the Nascarellas personally.

[2]　　The Honorable John M. Tonaki presided.

[3]　　Boomlets filed its operative "First Amended Complaint" in June 2022.

restaurant business.  The Operating Agreement made no provision for compensation to the Nascarellas.

Appellants assert three points of error on appeal, contending that the circuit court erred by: (1) entering certain FOFs; (2) entering certain Conclusions of Law (**COLs**); and (3) denying the "[Nascarellas'] Motion for Reconsideration of [FOFs] and [COLs] and Order Filed on May 29, 2024" (**Motion for Reconsideration**).

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Appellants' points of error as follows:

(1) Appellants contend that the circuit court erred in entering FOFs 74, 75, 76, 78, 79, 83, 84, 86, 88, 89, and 94. "In this jurisdiction, a trial court's [FOFs] are subject to the clearly erroneous standard of review."  Casumpang v. ILWU Local 142, 108 Hawaiʻi 411, 419, 121 P.3d 391, 399 (2005) (citation omitted).

Boomlets retained Ross Murakami (**Murakami**), a Partner at the accounting firm KMH LLP, to review Otherside's bank and tax records.  Murakami produced an Expert Report that was introduced into evidence without objection.  To the extent that the challenged FOFs present a factual recitation of information

presented in Murakami's Expert Report, they are not clearly erroneous.

The transcript of Murakami's testimony is not in the record. To the extent Appellants contend that the challenged FOFs are clearly erroneous in light of Murakami's testimony, Appellants have failed to meet their burden of providing an adequate record. See Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) ("The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript." (cleaned up)); Hawaiʻi Rules of Appellate Procedure Rule 10(b)(3) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion.").

We conclude that Appellants' point of error (1) lacks merit.

(2) Appellants contend that the circuit court erred in entering COLs 6, 7, 9, 11, 12, 13, and 14. "[COLs] are reviewed de novo, under the right/wrong standard of review." Lambert v. Waha, 137 Hawaiʻi 423, 431, 375 P.3d 202, 210 (2016) (cleaned up). Mixed questions of law and fact are reviewed for clear

error.  Keep the N. Shore Country v. Bd. of Land & Nat. Res., 150 Hawaiʻi 486, 503, 506 P.3d 150, 167 (2022) ("A mixed question of law and fact exists when the conclusion is dependent upon the facts and circumstances of the particular case." (cleaned up)).

The unchallenged FOFs,[4] as well as the evidence in the record, support the circuit court's determination that the Nascarellas engaged in the unauthorized use of $2,552,953 in business funds for their personal benefit.  We therefore conclude that the circuit court was not wrong in awarding Boomlets damages in the amount of $2,552,953, plus accrued interest, from the Nascarellas.

---

[4]    "[FOFs] . . . that are not challenged on appeal are binding on the appellate court."  Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 458, 40 P.3d 73, 81 (2002) (citations omitted).  Appellants do not challenge, inter alia, the circuit court's findings that:

> 56. In addition to the amounts reflected in the final [Revolving Line of Credit], Boomlets made several more disbursements to Otherside, bringing the total of the loan to $5,895[,]000.
>
> . . . .
>
> 58. The money that Boomlets would be lending to Otherside was to be used solely to develop the pizza chain in Hawaii.  The Operating Agreement made no provision for Member compensation.
>
> . . . .
>
> 93. [Murakami] testified that, in his professional expert opinion, the Nascarellas had diverted as much as $2.5 million . . . from accounts for Otherside and related entities for their own personal use.  Furthermore, [Murakami] concluded that the diversion of funds from Otherside and the subsidiary restaurants had severely undermined the ability of Otherside to succeed.

(3) Appellants contend that the circuit court erred by denying reconsideration to address who owned "equipment that [had been used] in [Otherside's] Kailua and Kaneohe stores," and how this equipment, which was now in storage, "reduced the judgment against the Nascarellas." In their Motion for Reconsideration, Appellants requested that the circuit court conduct a post-trial evidentiary hearing to address these matters. "The trial court's ruling on a motion for reconsideration is reviewed under the abuse of discretion standard." Cho v. State, 115 Hawaiʻi 373, 381, 168 P.3d 17, 25 (2007) (citation omitted).

"Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding." Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawaiʻi 97, 110, 58 P.3d 608, 621 (2002) (citation omitted). Appellants make no argument as to why the equipment issue was not, or could not have been, litigated during trial. Moreover, to the extent Appellants submit that Peter Nascarella testified regarding the equipment,[5] it appears that Appellants seek to relitigate a matter that was, or could have been, addressed at trial by their own witness.

---

[5] Without a transcript of the trial proceedings, we are unable to determine whether Peter Nascarella testified in this regard.

We therefore conclude that the circuit court did not abuse its discretion in denying Appellants' Motion for Reconsideration.

For the foregoing reasons, we affirm the Final Judgment.

DATED: Honolulu, Hawaiʻi, March 27, 2026.

On the briefs:                          /s/ Keith K. Hiraoka
                                        Presiding Judge
Keith M. Kiuchi,
for Defendants-Appellants.              /s/ Clyde J. Wadsworth
                                        Associate Judge
Leroy E. Colombe
for Plaintiff-Appellee.                 /s/ Kimberly T. Guidry
                                        Associate Judge